1  ELIZABETH NGUYEN, Bar No. 238571
   CHRISTOPHER DENGLER, Bar No. 251782
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA  90067.3107
4  Telephone:  310.553.0308
   Facsimile:   310.553.5583
5
   Attorneys for Defendant
6  CVS PHARMACY, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 MERLE STADNYK,                    Case No.  2:15-cv-00792

11            Plaintiff,             **DEFENDANT'S NOTICE OF
                                     REMOVAL OF CIVIL ACTION TO
12 v.                                FEDERAL COURT**

13 CVS PHARMACY, INC.; and DOES 1    **[28 U.S.C. §§ 1332, 1441, & 1446]**
   through 20, inclusive,
14                                   Trial Date:  N/A
                                     Complaint Filed:  December 10, 2014
15            Defendant.             (LASC BC566378)

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

# TABLE OF CONTENTS

PAGE

I.    STATEMENT OF JURISDICTION ............................................................ 1

II.   VENUE ...................................................................................................... 1

III.  STATUS OF PLEADINGS, PROCESS AND ORDERS.................................. 1

IV.   TIMELINESS OF REMOVAL ................................................................... 3

V.    DIVERSITY JURISDICTION PURSUANT TO SECTION 1332 .................... 4

VI.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET .................. 6

      A.    Plaintiff Seeks Well Over $75,000 in Economic Damages ...................... 8

      B.    Plaintiff Additionally Seeks Emotional Distress Damages, Punitive
            Damages, and Attorneys' Fees................................................................ 19

VII.  NOTICE TO PLAINTIFF AND STATE COURT ......................................... 23

VIII. CONCLUSION ........................................................................................ 23

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION                    i.

# TABLE OF AUTHORITIES

PAGE

CASES

*Aucina v. Amoco Oil, Co.,*
  871 F. Supp. 332 (S.D. Iowa 1994)........................................................22

*Beaty v. BET Holdings, Inc.,*
  222 F.3d 607 (9th Cir. 2000) ...............................................................21

*Boyle v. Lorimar Productions, Inc.,*
  13 F.3d 1357 (9th Cir. 1994) ...............................................................22

*Brady v. Mercedes-Benz USA, Inc.,*
  243 F. Supp. 2d 1004 (N.D. Cal. 2002).........................................20, 21

*Breitman v. May Co. California,*
  37 F.3d 562 (9th Cir. 1994) ...................................................................5

*Dart Cherokee Basin Operating Co. v. Owens,*
  135 S. Ct. 547, 190 L. Ed. 2d 495 (Dec. 15, 2014) ...............................7

*Davenport v. Mutual Benefit Health and Accident Ass'n,*
  325 F.2d 785 (9th Cir. 1963) ...............................................................21

*Drzewiecki v. H & R Block, Inc.,*
  24 Cal. App. 3d 695 (1972) .................................................................19

*Flannery v. Prentice,*
  26 Cal. 4th 572 (2001) ........................................................................21

*Galt G/S v. JSS Scandinavia,*
  142 F.3d 1150 (9th Cir. 1998) .............................................................20

*Gardenhire v. Housing Authority of the City of Los Angeles,*
  85 Cal. App. 4th 236 (2002) ................................................................20

*Hertz Corp. v. Friend,*
  130 U.S. 1181 (2010)..............................................................................6

*Hertz v. Friend,*
  175 L. Ed. 2d 1029 (2010).......................................................................5

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

ii.

1

2

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

3

4

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .................................................4

5

6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993 (C.D. Cal. 2002) ...................................7

7

8

*Kroske v. U.S. Bank Corp.*,
432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S. Ct. 157 (2006) ....................20

9

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) .................................................4

10

11

*Mangold v. California Public Utilities Comm'n*,
67 F.3d 1470 (9th Cir. 1995) ...............................................21

12

13

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)................................................................3

14

15

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998) .................................................6

16

17

*Rabago-Alvarez v. Dart Indus.*,
55 Cal. App. 3d 91 (1976) ...................................................19

18

19

*Redfield v. Insurance Co. of N. Am.*,
940 F.2d 542 (9th Cir. 1991), *overruled on other grounds, Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) ...................................20

20

21

*Rivera v. Costco Wholesale Corp.*,
2008 U.S. Dist. LEXIS 58610 (N.D. Cal. 2008) ................20

22

23

*Sanchez v. Monumental Life Ins. Co.*,
102 F.3d 398 (9th Cir. 1996) .................................................7

24

25

*Simmons v. PCR Technology*,
209 F. Supp. 2d 1029 (C.D. Cal. 2002)..................19, 21, 22

26

27

*Singer v. State Farm Mut. Auto Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) .................................................7

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

iii.

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Smith v. Brown-Forman Distillers Corp.*,
 196 Cal. App. 3d 503 (1989) ...................................................................19

*State Farm Mutual Auto Ins. Co. v. Campbell*,
 538 U.S. 408 (2003)..................................................................................22

*Swinton v. Potomac Corp.*,
 270 F.3d 794 (9th Cir. 2001*), cert. denied*, 535 U.S. 1018 (2002) ...................20

*Thomas v. Home Depot USA, Inc.*,
 527 F. Supp. 2d 1003 (N.D. Cal. 2007)..........................................13, 14, 15, 16

*Urbino v. Orkin Servs. of Cal.*,
 726 F.3d 1118 (9th Cir. Aug. 13, 2013) .........................................................16

STATUTES

28 U.S.C. §§ 84(b) ...................................................................................1

28 U.S.C. § 1332(a)(1)..........................................................................1, 4, 22

28 U.S.C. § 1332(c) ...................................................................................5

28 U.S.C. § 1332(c)(1)................................................................................5

28 U.S.C. § 1391 ......................................................................................1

28 U.S.C. § 1441(a) ...........................................................................1, 6, 22

28 U.S.C. § 1441(b) .................................................................................4, 24

28 U.S.C. § 1446 ......................................................................................1

28 U.S.C. § 1446(a) ...................................................................................3

28 U.S.C.  § 1446(b) .................................................................................3

CAL. BUS. & PROF. CODE § 17208 ..........................................................8, 9, 11

CAL. CIV. PROC. CODE § 338 ...................................................................8, 11

CAL. CIV. PROC. CODE § 415.30 ...........................................................2, 3, 4

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

iv.

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

CAL. CIV. PROC. CODE § 3294 .................................................................................21

CAL. GOV. CODE §12965(b)...................................................................................21

CAL. LAB. CODE § 204 .................................................................................12, 13,16

CAL. LAB. CODE § 210 ........................................................................................13

CAL. LAB. CODE § 226 .......................................2, 6, 12, 13, 14, 16, 20, 21

CAL. LAB. CODE § 226.7 ........................................8, 10, 12, 14, 16

CAL. LAB. CODE § 226.3 ......................................................................................14

CAL. LAB. CODE § 510 .................................................................................12, 14, 16

CAL. LAB. CODE § 512 .................................................................................12, 15, 16

CAL. LAB. CODE § 558 ......................................................................................15

CAL. LAB. CODE § 1194 ...............................................................................12, 14, 16

CAL. LAB. CODE § 1197 ...............................................................................12, 15, 16

CAL. LAB. CODE § 1197.1 ...................................................................................15

CAL. LAB. CODE § 1194.2 ............................................................................12, 14, 16

CAL. LAB. CODE § 1198 ...............................................................................12, 14, 16

CAL. LAB. CODE § 2699 ...............................................................................12, 13, 14, 16

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

v.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF MERLE STADNYK AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant CVS Pharmacy, Inc., ("Defendant") hereby removes the above-entitled action brought by Plaintiff Merle Stadnyk ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

**I.**

**STATEMENT OF JURISDICTION**

1.     This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1) ("Section 1332") and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named Plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.**

**VENUE**

2.     The employment action was filed in the Superior Court of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(b), 1391, 1446.

**III.**

**STATUS OF PLEADINGS, PROCESS AND ORDERS**

3.     On December 10, 2014, an employment action was commenced in Los Angeles County Superior Court, entitled *Merle Stadnyk, v. CVS Pharmacy, Inc.; and DOES 1-20, inclusive*, designated as Case No. BC566378 (the "State Court Action").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION                    1.

*See* Declaration of Christopher L. Dengler In Support of Defendant's Notice of Removal ("Dengler Decl."), ¶ 2, Exhibit 1.

4.     In the Complaint, Plaintiff, a current employee, alleges harassment, discrimination, retaliation, and failure to engage in the interactive process claims under the Fair Employment and Housing Act ("FEHA") as well wage and hour claims under the California Labor Code. Specifically, Plaintiff alleges the following causes of action: (1) Failure to Pay Meal and Rest Period Compensation; (2) Failure to Pay Overtime Compensation; (3) Failure to Pay Timely Earned Wages; (4) Failure to Provide Accurate Wage Statements in Violation of California Labor Code § 226; (5) Individual and Private Attorney General Act Representative Claims; (6) Unfair Competition; (7) Failure to Engage in the Interactive Process and Provide Reasonable Accommodation in Violation of FEHA; (8) Harassment in Violation of FEHA; (9) Failure to Prevent Harassment in Violation of FEHA; (10) Failure to Prevent Discrimination in Violation of FEHA; and (11) Retaliation in Violation of FEHA.  *Id.*

5.     On December 18, 2014, Plaintiff served via mail the following documents upon Defendant's agent for service of process, CT Corporation:  a Notice and Acknowledgment of Receipt,[1] Complaint, a Summons, Civil Case Cover Sheet, Notice of Case Assignment and ADR Information packet, as well as the forms for the parties' Case Management Conference Statement, were also served upon Defendant. Attached to the Declaration of Christopher L. Dengler as **Exhibit 1** is a true and correct copy of all case initiating documents served upon Defendant.

6.     On January 6, 2015, Defendant signed the Acknowledgment of Receipt of Plaintiff's Complaint and served it on Plaintiff. Attached to the Declaration of

---

[1] A Notice and Acknowledgment of Receipt form is a mechanism by which a plaintiff can serve a summons and complaint by mail prior to attempting service by another method. CAL. CIV. PROC. CODE § 415.30. The service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed. CAL. CIV. PROC. CODE § 415.30(c).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

2.

Christopher L. Dengler as **Exhibit 2** is a true and correct copy of the signed Acknowledgment of Receipt.

7.      On January 13, 2015, Plaintiff's counsel emailed a copy of the Notice of Case Management Conference to Defendant's counsel. Attached to the Declaration of Christopher L. Dengler as **Exhibit 3** is a true and correct copy of the Notice of Case Management Conference. The Case Management Conference is scheduled for March 17, 2015 at 8:30 am in Los Angeles Superior Court, Department 56. (Dengler Decl., ¶ 4, Exhibit 3.) To Defendant's knowledge, no other proceedings related hereto have been heard or are currently scheduled. *Id.*

8.      On February 3, 2015, Defendant filed its General Denial and Affirmative Defenses ("Answer") to the Complaint in the State Court Action. Attached to the Declaration of Christopher L. Dengler as **Exhibit 4** is a true and correct copy of Defendant's Answer.

9.      The documents attached in Exhibits 1 through 4 to the Declaration of Christopher L. Dengler constitute all the process, pleadings or orders related to this case that were served upon Defendant or filed or received in the State Court Action. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

10.     As of the date of this Notice of Removal, no other parties have been named/served with the Summons and Complaint in this action. (Dengler Decl., ¶ 6.)

**IV.**

**TIMELINESS OF REMOVAL**

11.     This Notice of Removal is timely. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); see *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).  Defendant was mail served with a copy of Plaintiff's Summons, Complaint and Notice and Acknowledgment of Receipt on December 18, 2014. (Dengler Decl., ¶ 2.) Pursuant to California Code of Civil Procedure § 415.30,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

3.

Defendant had twenty days by which to execute said Notice and Acknowledgment of Receipt. Prior to those twenty days elapsing, on January 6, 2015, Defendant signed and served the Acknowledgment of Receipt. (Dengler Decl., ¶ 3.) The service of a summons pursuant to Section 415.30 is deemed complete on the date a written acknowledgement of receipt of summons is executed – in this case, January 6, 2015. CAL. CIV. PROC. CODE § 415.30(c). This Notice of Removal is filed within thirty days of January 6, 2015, and is therefore timely.

## V.

## **DIVERSITY JURISDICTION PURSUANT TO SECTION 1332**

12.     Section 1332(a) provides, in relevant part, as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)     citizens of different States[.]

13.     This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

14.     Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). A person's domicile is established by physical presence and his or her intent to remain. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew*, 797 F.2d at 751.

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

4.

15.     Plaintiff is a citizen of the State of California, County of Los Angeles, and was so when he filed the State Court Action. (Exh. 1, Compl., ¶ 1 ("Plaintiff Merle Stadnyk was at all times relevant to the matters alleged in this complaint an individual with his residence in California."); *see also* Declaration of Brandi Stern in Support of Notice of Removal of Action ("Stern Decl."), ¶ 5.) Accordingly, Plaintiff is a citizen of the state of California for purposes of analyzing diversity jurisdiction.

16.     In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz v. Friend*, 175 L. Ed. 2d 1029 (2010). In relevant part, the Court explained, as follows:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Id.* at 1041-42.

17.     Here, Defendant is presently, and was at the time of the commencement of this suit, a citizen of the state of Rhode Island as provided in 28 U.S.C. § 1332(c) because it was and is a corporation duly organized and validly existing under and pursuant to the laws of the state of Rhode Island. (Declaration of Melanie Luker in Support of Notice of Removal of Action ("Luker Decl."), ¶ 3.)

18.     Moreover, Defendant's principal place of business, where its corporate offices and headquarters which house Defendant's executive and administrative functions are located, is in Rhode Island. (Luker Decl., ¶ 4; *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

5.

its corporate headquarters are located and where its executive and administrative functions are performed). Therefore, Defendant is a citizen of the State of Rhode Island, where it is incorporated and where it has its principal place of business under the "nerve center" test. *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

19.     There are no other identified defendants. Defendants "Does 1 through 20" are wholly fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

20.     Accordingly, after disregarding the non-served Doe defendants, and given that Plaintiff is a citizen of California and Defendant is not, complete diversity of citizenship exists in this case.

## VI.

## **THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

21.     The Complaint asserts the following 11 causes of action: (1) Failure to Pay Meal and Rest Period Compensation; (2) Failure to Pay Overtime Compensation; (3) Failure to Pay Timely Earned Wages; (4) Failure to Provide Accurate Wage Statements in Violation of California Labor Code § 226; (5) Individual and Private Attorney General Act Representative Claims; (6) Unfair Competition; (7) Failure to Engage in the Interactive Process and Provide Reasonable Accommodation in Violation of FEHA; (8) Harassment in Violation of FEHA; (9) Failure to Prevent Harassment in Violation of FEHA; (10) Failure to Prevent Discrimination in Violation of FEHA; and (11) Retaliation in Violation of FEHA. (Dengler Decl., ¶ 2; Exh. 1.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

6.

22. For purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). By demonstrating that the actual amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold, Defendant does not concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood that Plaintiff will recover anything.

23. In a recent U.S. Supreme Court decision, the Court affirmed that the notice of removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 551, 190 L. Ed. 2d 495 (Dec. 15, 2014) (*citing* 28 U. S. C. §1446(a). Moreover, Defendant need not submit evidence to support its notice of removal. *Id.* at 553. Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.") However, even if an evidentiary showing were required, Defendant only needs to show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *Id.* at 554. Importantly, the Court instructed that there is no anti-removal presumption. *Id.* While the number and types of Plaintiff's claims clearly demonstrate that the amount in controversy is exceeded, out of an abundance of caution, Defendant provides greater detail, *infra*, that clearly establishes that the amount in controversy placed at issue by Plaintiff exceeds $75,000.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

7.

A.    **Plaintiff Seeks Well Over $75,000 in Economic Damages.**

24.    **Meal Period Penalty Wages:** Plaintiff alleges that, during his employment "Defendants failed to provide Plaintiff, its employee, with . . . thirty-minute meal periods for **each** five hours he worked." (Exh. 1, Compl., ¶ 7) (emphasis added). An employee in Plaintiff's position of Shift Supervisor is generally scheduled for eight-hour shifts – seven and a half hours paid and thirty minutes for an unpaid meal period. (Stern Decl., ¶ 4.) As such, Plaintiff has essentially placed each scheduled shift he has worked at issue. Plaintiff's claim is predicated on violations of the California Labor Code § 226.7(b), which states "that if an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." The statute of limitations for this claim is general three years. CAL. CIV. PROC. CODE § 338. However, Plaintiff's claim for unfair competition effectively extends the statute of limitations to four years from the filing of the complaint. CAL. BUS. & PROF. CODE § 17208.

25.    While Plaintiff's employment with Defendant began on June 28, 2010, Plaintiff's potential recovery for missed meal period premiums is limited to no farther back than December 10, 2010 based on the four-year statute of limitations, less the 17-week leave of absence Plaintiff took from August 19, 2013 to December 14, 2013, and ceasing on or about October 30, 2014, which is the last day Plaintiff worked. (*See* Stern Decl., ¶¶ 5-7.)

26.    Based on Plaintiff's payroll records, prior to Plaintiff's leave of absence beginning on August 19, 2013, Plaintiff was generally scheduled for at least five shifts per week. (Stern Decl., ¶ 7.) Although Defendant denies the validity of this claim, based on Plaintiff's allegations that Defendant failed to provide Plaintiff with a meal period for **each** shift (Exh. 1, Compl., ¶ 7), Defendant conservatively estimates, for

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION                8.

the purposes of removal only, that Plaintiff was not afforded three meal periods per week between December 10, 2010 and August 19, 2013.[2]

27.  Upon his return from leave, on December 14, 2013, Plaintiff's payroll records show he generally worked between two and five shifts per workweek, with the average being approximately three shifts per workweek. (Stern Decl., ¶ 7.) Although Defendant denies the validity of this claim, based on Plaintiff's allegations that Defendant failed to provide Plaintiff with a meal period for **each** shift (Exh. 1, Compl., ¶ 7), Defendant conservatively estimates, for the purposes of removal only, that Plaintiff was not afforded two meal periods per week between December 14, 2013 and October 30, 2014.[3]

28.  Plaintiff began working for Defendant effective June 28, 2010. During the course of his employment Plaintiff was compensated at the following rates during the following time periods:

- June 28, 2010 – May 21, 2011 → $8.45/hour
- May 22, 2011 – October 15, 2011 →$8.64/hour
- October 16, 2011 – May 26, 2012 → $9.50/hour
- May 27, 2012 – May 25, 2013 → $9.74/hour
- May 26, 2013 – present → $9.98/hour

(Stern Decl., ¶ 8.)

29.  Between December 10, 2010[4] and May 21, 2011, there are 23 workweeks. Between May 22, 2011 and October 15, 2011, there are 21 workweeks. Between October 16, 2011 and May 26, 2012, there are 32 workweeks. Between May 27, 2012 and May 25, 2013, there are 52 workweeks. Between May 26, 2013 and August 18, 2013,[5] there are 12 workweeks. Between August 19, 2013 and December 13, 2013,

---

[2] There are 140 workweeks between Dec. 10, 2010 and Aug. 19, 2013.
[3] There are 46 workweeks between Dec. 14, 2013 and Oct. 30, 2014.
[4] Farthest back Plaintiff's claims can arguably go given the 4-year applicable statute of limitations. *See* CAL. BUS. & PROF. CODE § 17208.
[5] Plaintiff went out on a leave of absence beginning Aug. 19, 2013. (Stern Decl., ¶ 6.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

there are 17 workweeks. Between December 14, 2013[6] and October 30, 2014,[7] there are 46 workweeks.

30.  Given Plaintiff's allegation that he was a full-time employee not given a meal period for **each** shift over five hours (Exh. 1, Compl., ¶¶ 7 and 17) (which was most, if not all, of Plaintiff's scheduled shifts), and conservatively estimating that Plaintiff was not afforded three meal periods per week between December 10, 2010 and August 19, 2013 and two meal periods per week between December 14, 2013 and October 30, 2014, Plaintiff's potential damages for missed meal period penalty wages would total **$4,836.25.**[8]

31.  **Rest Break Penalty Wages:** In addition to meal periods, Plaintiff alleges that, during his employment "Defendants failed to provide Plaintiff, its employee, with ten minute rest breaks for **each** four hours he worked . . . ." (Exh. 1, Compl., ¶ 7) (emphasis added). As discussed above, an employee in Plaintiff's position of Shift Supervisor is generally scheduled for eight-hour shifts – seven and a half hours paid and thirty minutes for an unpaid meal period. (Stern Decl., ¶ 4.) As such, Plaintiff has essentially placed each scheduled shift he has worked at issue. Accordingly, Plaintiff claims that he is entitled to one hour of additional pay for each work day that a rest break was not provided. (Exh. 1, Compl., ¶¶ 24-26; *see also*, Lab. Code § 226.7(b).) As with the meal period calculation, given Plaintiff's allegation that he was a full-time employee not given ten minute rest breaks for **each** shift over four hours (Exh. 1, Compl., ¶¶ 7 and 17) (which was most, if not all, of Plaintiff's scheduled shifts), and conservatively estimating that Plaintiff was not afforded three rest breaks per week between December 10, 2010 and August 19, 2013 and two rest breaks per week

---

[6] Plaintiff returned from his leave of absence on Dec. 14, 2013. (Stern Decl., ¶ 6.)

[7] Plaintiff has not returned to work since on or about Oct. 30, 2014. (Stern Decl., ¶ 7.)

[8] ($8.45 x 3 missed meals per workweek x 23 workweeks) + ($8.64 x 3 missed meals per workweek x 21 workweeks) + ($9.50 x 3 missed meals per workweek x 32 workweeks) + ($9.74 x 3 missed meals per workweek x 52 workweeks) + ($9.98 x 3 missed meals per workweek x 12 work weeks) + ($9.98 x 2 missed meals per workweek x 46 workweeks) = $4,836.25.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

10.

between December 14, 2013 and October 30, 2014, the amount in controversy for Plaintiff's missed rest break claim is at least **$4,836.25** during the statutory period.[9]

32. **Failure to Pay Overtime:** Plaintiff seeks "all statutory damages and penalties" for Defendant's alleged failure to "compensate Plaintiff for his hours worked over eight (8) hours per day and over forty (40) hours per week". (Exh. 1, Compl., ¶¶ 28-29.) While Defendant denies the validity of Plaintiff's overtime claim, Defendant calculates, for purposes of removal only, that Plaintiff is entitled to, on average, one (1) hour of overtime pay per scheduled shift. The same three-year statute of limitations extended to a fourth year by the unfair competition violation applies here. CAL. CIV. PROC. CODE § 338; CAL. BUS. & PROF. CODE § 17208. Plaintiff's potential recovery for unpaid overtime is limited to no farther back than December 10, 2010 based on the four-year statute of limitations, less the 17-week leave of absence Plaintiff took from August 19, 2013 to December 14, 2013, and ceasing on or about October 30, 2014, which is the last day Plaintiff worked. (*See* Stern Decl., ¶¶ 6-7.) Based on Plaintiff's payroll records, prior to Plaintiff's leave of absence beginning on August 19, 2013, Plaintiff was generally scheduled for at least five shifts per week. (Stern Decl., ¶ 7.) Therefore, between December 14, 2010 and August 19, 2013, Defendant estimates that Plaintiff could recover five (5) hours of overtime per workweek. Then, upon his return from leave, on December 14, 2013, Plaintiff's payroll records show he generally worked between two and five shifts per workweek, with the average being approximately three shifts per workweek. (Stern Decl., ¶ 7.) Therefore, between December 14, 2013 and October 30, 2014, Defendant estimates that Plaintiff could recover three (3) hours of overtime per workweek. The pay rates

---

[9] ($8.45 x 3 missed rest breaks per workweek x 23 workweeks) + ($8.64 x 3 missed rest breaks per workweek x 21 workweeks) + ($9.50 x 3 missed rest breaks per workweek x 32 workweeks) + ($9.74 x 3 missed rest breaks per workweek x 52 workweeks) + ($9.98 x 3 missed rest breaks per workweek x 12 work weeks) + ($9.98 x 2 missed rest breaks per workweek x 46 workweeks) = $4,836.25.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION                    11.

described in paragraph 28, *supra*, apply. Therefore the amount in controversy for Plaintiff's overtime claim is at least **$11,861.09** during the statutory period.[10]

33.  **Inaccurate Wage Statements:** Plaintiff also seeks penalties pursuant to Labor Code § 226(e), for Defendant's alleged failure to provide him with accurate wage statements. (Exh. 1, Compl., ¶¶ 35-37.) Although Defendant denies that it failed to provide Plaintiff with accurate wage statements, and further denies that Plaintiff is entitled to such penalties, if Plaintiff prevails, Plaintiff could potentially recover penalties under Labor Code § 226(e). Defendant expects that Plaintiff will request fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation per pay period. Even if Plaintiff prevails on his claims, Defendant disagrees that he would be entitled to escalating penalties for subsequent violations, since there has not yet been any initial violation by Defendant. In other words, it is Defendant's position that Plaintiff would only be entitled to recover, at most, penalties of $50 for the initial violation. However, based on Plaintiff's anticipated theory of what he would be entitled to recover, since Plaintiff was paid every two weeks, and Plaintiff's expected argument that the one-year statute of limitations would permit Plaintiff to recover penalties for the time period December 10, 2013 and December 10, 2014, the amount in controversy includes potential civil penalties under Labor Code § 226(e) in the estimated amount of **$2,550** ($50 + ($100 x 25 pay periods)). Again, Defendant disputes the entirety of Plaintiff's allegations and asserts that Defendant's exposure, if any, may prove to be less than this.

34.  **PAGA Penalties:** Plaintiff also seeks penalties pursuant to California's Private Attorneys General Act, Labor Code § 2699, *et seq*., for Defendant's alleged violations of the California Labor Code §§ 204, 226, 226.7, 510, 512, 1194, 1194.2,

---

[10] ($8.45 x 1.5 x 5 overtime hours x 23 workweeks) + ($8.64 x 1.5 x 5 overtime hours x 21 workweeks) + ($9.50 x 1.5 x 5 overtime hours x 32 workweeks) + ($9.74 x 1.5 x 5 overtime hours x 52 workweeks) + ($9.98 x 1.5 x 5 overtime hours x 12 workweeks) + ($9.98 x 1.5 x 3 overtime hours x 46 workweeks) = $11,861.09.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

12.

1197, and 1198. (Exh. 1, Compl., ¶¶ 37-39.) CAL. LAB. CODE § 2699(f)(2) provides that "the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." These penalties apply to provisions of the code for which a civil penalty is not specifically provided. CAL. LAB. CODE § 2699(f).

35.    California Labor Code § 204 – Failure to Pay Timely Earned Wages: Plaintiff seeks "all statutory damages" based on the allegation that Defendant violated Labor Code section 204 by failing to "pay Plaintiff his earned wages, overtime wages, and missed meal/rest break premiums." (Exh. 1, Compl., ¶¶ 32-33.) Labor Code section 210 provides a civil penalty of $100 for each initial violation of section 204 and $200 for each subsequent violation plus 25% of amount withheld. Although Defendant denies that Plaintiff is entitled to such penalties, if Plaintiff prevails, Defendant expects that he will request one hundred dollars ($100) per pay period for each Labor Code violation and two hundred dollars ($200) for each subsequent Labor Code violation per pay period. Even if Plaintiff prevails on his claims, Defendant disagrees that he would be entitled to escalating penalties for subsequent violations, since there has not yet been any initial violation by Defendant. In other words, it is Defendant's position that Plaintiff would only be entitled to recover, at most, penalties of $100 for the initial violation. The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). From December 10, 2013 to October 30, 2014, Plaintiff worked a total of 24 pay periods – as non-exempt employees are paid on a bi-weekly basis. (*See* Stern Decl., ¶ 9.) Applying the one year statute of limitations, the amount in controversy for this claim for penalties is **$4,700** ($100 x initial pay period; $200 for each of the subsequent 23 pay periods for $4,600).

36.    California Labor Code § 226 – Failure to Provide Accurate Wage Statements: Plaintiff seeks damages based on the allegation that Defendant violated

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

13.

Labor Code section 226(a). (Exh. 1, Compl., ¶¶ 34-37.) Labor Code section 226.3 provides a civil penalty of $250 per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation. The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). From December 10, 2013 to October 30, 2014, Plaintiff worked a total of 24 pay periods – non-exempt employees are paid on a bi-weekly basis. (*See* Stern Decl., ¶ 9.) Applying the one year statute of limitations, the amount in controversy for this claim for penalties is **$6,000** ($250 x 24 pay periods for $6,000).

37.     California Labor Codes §§ 226.7, 1194, 1194.2, and 1198: Plaintiff seeks damages based on the allegation that Defendant violated Labor Code sections 226.7, 1194, 1194.2, and 1198. (Exh. 1, Compl., ¶¶ 23-29.) Labor Code sections 226.7, 1194, 1194.2, and 1198 do not specifically provide for a penalty. Therefore, "the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Cal. Lab. Code § 2699(f)(2). Although Defendant denies that Plaintiff is entitled to such penalties, if Plaintiff prevails, Defendant expects that he will request one hundred dollars ($100) per pay period for each Labor Code violation and two hundred dollars ($200) for each subsequent Labor Code violation per pay period. Even if Plaintiff prevails on his claims, Defendant disagrees that he would be entitled to escalating penalties for subsequent violations, since there has not yet been any initial violation by Defendant. In other words, it is Defendant's position that Plaintiff would only be entitled to recover, at most, penalties of $100 for the initial violation. The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). From December 10, 2013 to October 30, 2014, Plaintiff worked a total of 24 pay periods – non-exempt employees are paid on a bi-weekly basis. (*See* Stern Decl., ¶ 9.) Applying the one year statute of limitations, the amount in controversy for

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

14.

these claims for penalties is **$4,700** ($100 x initial violation + $200 x 23 subsequent violations for $4,600) per each of the four Labor Code sections for a total of **$18,800**.

38.   California Labor Code §§ 510 and 512: Plaintiff seeks damages based on the allegation that Defendant violated Labor Code sections 510 and 512. (Exh. 1, Compl., ¶¶ 23-29.) Labor Code section 558 provides a civil penalty of $50 per employee for each pay period for an initial violation and $100 per employee for each pay period for subsequent violations. Although Defendant denies that Plaintiff is entitled to such penalties, if Plaintiff prevails, Defendant expects that he will request fifty dollars ($50) per pay period for each Labor Code violation and one hundred dollars ($100) for each subsequent Labor Code violation per pay period. Even if Plaintiff prevails on his claims, Defendant disagrees that he would be entitled to escalating penalties for subsequent violations, since there has not yet been any initial violation by Defendant. In other words, it is Defendant's position that Plaintiff would only be entitled to recover, at most, penalties of $50 for the initial violation. The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). From December 10, 2013 to October 30, 2014, Plaintiff worked a total of 24 pay periods – non-exempt employees are paid on a bi-weekly basis. (*See* Stern Decl., ¶ 9.) Applying the one year statute of limitations, the amount in controversy for this claim for penalties is **$2,350** ($50 x initial violation + $100 x 23 subsequent violations for $2,350) per code section for a total of **$4,700** for these two Labor Code sections.

39.   California Labor Code § 1197: Plaintiff seeks damages based on the allegation that Defendant violated Labor Code section 1197. (Exh. 1, Compl., ¶¶ 23-29.) Labor Code section 1197.1 provides a civil penalty of $100 per employee for each pay period for an initial violation and $250 per employee for each pay period for subsequent violations. Although Defendant denies that Plaintiff is entitled to such penalties, if Plaintiff prevails, Defendant expects that he will request one hundred dollars ($100) per pay period for each Labor Code violation and two hundred dollars

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

15.

($200) for each subsequent Labor Code violation per pay period. Even if Plaintiff prevails on his claims, Defendant disagrees that he would be entitled to escalating penalties for subsequent violations, since there has not yet been any initial violation by Defendant. In other words, it is Defendant's position that Plaintiff would only be entitled to recover, at most, penalties of $100 for the initial violation. The statute of limitations on a claim for civil penalties is one year. *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007). From December 10, 2013 to October 30, 2014, Plaintiff worked a total of 24 pay periods – non-exempt employees are paid on a bi-weekly basis. (*See* Stern Decl., ¶ 9.) Applying the one year statute of limitations, the amount in controversy for this claim for penalties is **$4,700** ($100 x initial violation + $200 x 23 subsequent violations for $4,700).

40.    The total amount of PAGA penalties alleged by Plaintiff relating to Labor Code sections 204, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1198 is at least **$38,900**.[11]

41.    Notably, PAGA penalties recovered by a plaintiff are divided between the plaintiff and the LWDA – 25% and 75%, respectively. A recent Ninth Circuit decision – *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118 (9th Cir. Aug. 13, 2013) – holds that potential PAGA penalties against an employer cannot be aggregated to satisfy the amount in controversy under § 1332. *Id*. at 1122-23. Therefore, only 25% of Plaintiff's individual PAGA penalties are considered in the determining the amount in controversy. Further, based on Plaintiff's anticipated theory of what he would be entitled to recover, and Plaintiff's expected argument that the one-year statute of limitations would permit Plaintiff to recover penalties for the time period December 10, 2013 and December 10, 2014, the amount in controversy includes potential civil penalties under Labor Code § 2699(f)(2) in the estimated amount of **$9,725**.[12] Again,

---

[11] $4,700 + $6,000 + $18,800 + $4,700 + $4,700 = $38,900.
[12] ($4,700 + $6,000 + $18,800 + $4,700 + $4,700) * 25% to Plaintiff = $9,725.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

16.

Defendant disputes the entirety of Plaintiff's allegations and asserts that Defendant's exposure, if any, may prove to be less than this.

42.   **Special and General Damages Under FEHA:** Plaintiff seeks special and general damages including "a loss in earnings and other employment benefits according to proof at time of trial" and other economic damages under FEHA. (*See, e.g.,* Exh. 1, Compl., ¶¶ 47-48, 53, 58, 64, 70, 78, Prayer for Relief.) Plaintiff alleges that he was "demot[ed] from a full-time to a part-time employee." (Exh. 1, Compl., ¶¶ 17-18.) Although Defendant denies that any decrease in hours was for unlawful reasons, Defendant's records indicate a drop in hours worked per pay period when comparing Plaintiff's reported hours per pay period prior to his leave of absence that began on August 19, 2013 his reported hours after his return from his leave of absence on December 14, 2013. (Stern Decl., ¶ 7.) Based on Plaintiff's payroll records, prior to Plaintiff's leave of absence beginning on August 19, 2013, Plaintiff was generally scheduled for at least five shifts per week. (*Id.*) Then, upon his return from leave, on December 14, 2013, Plaintiff's payroll records show he generally worked between two and five shifts per workweek, with the average being approximately three shifts per workweek. (*Id.*) Furthermore, Plaintiff has completely stopped working since on or about October 30, 2014. (*Id.*) Defendant expects that Plaintiff will claim that not only are Plaintiff's decrease in hours worked per pay period since December 14, 2013 attributable to his allegations of discrimination and failure to accommodate, but that his not working since October 30, 2014 is as well.

43.   According to Plaintiff's payroll records, the last twelve months Plaintiff worked full time, between August 25, 2012 and August 23, 2013 – just prior to his leave of absence – Plaintiff's gross earnings were $24,531.53. (Stern Decl., ¶ 10.) During these 26 pay periods, Plaintiff's average gross earnings were $943.52 per pay period.[13] Then Plaintiff went out on leave between August 19, 2013 and December 14,

---

[13] $24,531.53 / 26 pay periods = $943.52 per pay period.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

17.

2013. (Stern Decl., ¶ 6.) Upon his return, between January 10, 2014 and October 30, 2014, when Plaintiff stopped working, his gross earnings totaled $12,799.12. (Stern Decl., ¶ 11.) During these 21 pay periods, Plaintiff's average gross earnings were $609.48 per pay period.[14]

44.    There have been 46 workweeks – or 23 pay periods – between Plaintiff's return from leave on December 14, 2013 and when he stopped working on or about October 30, 2014. During this time, assuming, *arguendo*, that this drop in hours constitutes Plaintiff's recoverable economic damages under FEHA, the amount of back pay in controversy between December 14, 2013 and October 30, 2014 would total at least **$7,682.92**.[15]

45.    There have been 13 workweeks – or 6.5 pay periods – between October 30, 2014[16] and February 1, 2015.[17] During this time, assuming, *arguendo*, that Plaintiff not working at all constitutes recoverable economic damages under FEHA, the amount of back pay in controversy between October 30, 2014 and February 1, 2015 would total at least **$6,132.88**.[18]

46.    Furthermore, estimating that a trial would not be for another year, that would add an additional 26 pay periods of recoverable back pay. At Plaintiff's last average gross earnings before any decrease in hours of $943.52 per pay period, the amount of back pay in controversy in this case between February 1, 2015 and trial one year out would total at least **$24,531.53**.[19]

47.    Therefore the total amount of back pay in controversy in this case is at least **$38,347.33**.[20]

---

[14] $12,799.12 / 21 pay periods = $609.48 per pay period.
[15] 23 pay periods x ($943.52 per pay period before decrease in hours – $609.48 per pay period after decrease in hours) = $7,682.92.
[16] Approximately the last day Plaintiff worked.
[17] The last workweek prior to filing of this Removal.
[18] 6.5 pay periods x $943.52 per pay period before decrease in hours = $6,132.88.
[19] 26 pay periods x $943.52 per pay period before decrease in hours = $24,531.53.
[20] $7,682.92 + $6,132.88 + $24,531.53 = $38,347.33.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

18.

48.    In addition, to the extent Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendant, such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp*., 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus*., 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc*., 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay damages are equivalent to his back pay, the amount of future wages in controversy in this case would total an additional **$38,347.33**. Thus, it may reasonably be estimated that Plaintiff's claims involve possible back pay and front pay damages that alone total in excess of **$76,694.66**.

49.    The total of the estimate of the amount of economic damages in controversy alone equals **$107,953.30**.[21]

**B.    Plaintiff Additionally Seeks Emotional Distress Damages, Punitive Damages, and Attorneys' Fees.**

50.    **Non-Economic, Emotional Distress Damages:** In addition to economic damages, Plaintiff seeks recovery of non-economic damages for "emotional distress, mental pain and anguish" in connection with Defendant's alleged unlawful conduct. (*See, e.g.,* Exh. 1, Compl., ¶¶ 48, 52, 59, 65, 71, 79, Prayer for Relief.) An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

51.    In order to establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts.

---

[21] $4,836.25 + $4,836.25 + $11,861.09 + $9,725 + $7,682.92 + $6,132.88 + $24,531.53 + $38,347.33 = $107,953.30.

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

19.

*Rivera v. Costco Wholesale Corp.,* 2008 U.S. Dist. LEXIS 58610 *10 (N.D. Cal. 2008), citing *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).   Jury verdicts in discrimination cases for emotional distress damages exceed the $75,000 amount in controversy threshold. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert denied*, 127 S. Ct. 157 (2006) (Court held plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001*), cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds, Dotson v. United States* , 87 F.3d 682 (5th Cir. 1996) (award of $25,000); *Gardenhire v. Housing Authority of the City of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim). Thus, based in part on *Kroske*, for purposes of evaluating the amount in controversy on Plaintiff's claim and based on the foregoing jury verdicts, a conservative estimate of the emotional distress damages would be **$25,000.00.**

52.   **Attorneys' Fees:** Plaintiff also seeks an award of reasonable attorneys' fees. (Exh. 1, Compl., Prayer for Relief.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Plaintiff may recover attorneys' fees on his fourth cause of action under the California

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

20.

Labor Code § 226 subdivision (e) because it authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. LAB. CODE §226(e). Plaintiff may recover attorneys' fees on his seventh through eleventh causes of action under the FEHA because the FEHA authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. CAL. GOV. CODE §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons, supra,* 209 F. Supp. 2d at 1035 (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis).

53.     Moreover, a defendant may use damage awards in other cases to establish the amount in controversy. *Id.* at 1033. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

54.     **Punitive Damages:** Plaintiff also seeks punitive damages. (*See, e.g.,* Exh. A, Compl., ¶¶ 49, 54, 60, 66, 72, 80, Prayer for Relief.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, *supra,* 243 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

21.

*Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons, supra*, 209 F. Supp. 2d at 1033. A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his punitive damages claim that claim alone could exceed the jurisdictional minimum.

55.     In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

//

//

//

//

//

//

//

//

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

22.

56.   **Summary of Amount In Controversy**

| **Plaintiff's Claim** | **Amount in Controversy** |
|---|---|
| Meal Period | $4,836.25 |
| Rest Break | $4,836.25 |
| Overtime | $11,861.09 |
| Back Pay | $38,347.33 |
| Front Pay | $38,347.33 |
| 25% of PAGA Penalties | $9,725.00 |
| Emotional Distress | $25,000.00 |
| Attorneys' Fees | TBD |
| Punitive Damages | TBD |
| **TOTAL** | **$132,953.30 + attorneys' fees + punitive damages** |

## VII.

## NOTICE TO PLAINTIFF AND STATE COURT

57.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Lawrence W. Freiman and Michael J. Freiman of Freiman Law, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

## VIII.

## CONCLUSION

58.   For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to Section 1332(a), and which may be removed by

//

//

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION

23.

Defendant to this Court pursuant to 28 U.S.C. section 1441(b) based on diversity jurisdiction.


Dated:    February 4, 2015

                                                        /s/ Christopher Dengler
                                                        ELIZABETH NGUYEN
                                                        CHRISTOPHER DENGLER
                                                        LITTLER MENDELSON, P.C.
                                                        Attorneys for Defendant
                                                        CVS PHARMACY, INC.

Firmwide:131319096.3 074623.1053

DEFENDANT'S NOTICE OF
REMOVAL OF CIVIL ACTION                    24.