**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 15-792-JFW (JEMx)** | Date:  April 2, 2015 |

Title:    Merle Stadnyk -v- CVS Pharmacy, Inc.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                                           None Present
   **Courtroom Deputy**                                                    **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                                              None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 3/5/2015; Docket No. 26]**

On March 5, 2015, Plaintiff Merle Stadnyk ("Plaintiff") filed a Motion to Remand.  On March 16, 2015, Defendant Garfield Beach CVS, L.L.C., erroneously sued as CVS Pharmacy, Inc., ("Defendant") filed its Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for April 6, 2015 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 10, 2014, Plaintiff filed a Complaint in Los Angeles County Superior Court, alleging the following claims for relief against Defendant: (1) Failure to Pay Meal and Rest Period Compensation; (2) Failure to Pay Overtime Compensation; (3) Failure to Pay Timely Earned Wages; (4) Failure to Provide Accurate Wage Statements in Violation of California Labor Code § 226; (5) Individual and Private Attorney General Act Representative Claims; (6) Unfair Competition; (7) Failure to Engage in the Interactive Process and Provide Reasonable Accommodation in Violation of FEHA; (8) Harassment in Violation of FEHA; (9) Failure to Prevent Harassment in Violation of FEHA; (10) Discrimination in Violation of FEHA; (11) Failure to Prevent Discrimination in Violation of FEHA; and (12) Retaliation in Violation of FEHA.  Plaintiff seeks recovery of earned wages, withheld earnings, overtime compensation, waiting time compensation, penalties, special damages, compensatory damages, punitive damages, loss of income, reasonable attorneys' fees, and damages and penalties pursuant to California Labor Code §§ 204, 226, 226.7, 510, 512, 1994, 1994.2, 1997, and 1198.  Complaint, Prayer for Relief at ¶¶ 1-9.

On February 4, 2015, Defendant filed a Notice of Removal of Civil Action to Federal Court

("Notice of Removal"), alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). On March 5, 2015, Plaintiff filed this Motion to Remand. On March 6, 2015, after reviewing Plaintiff's Motion to Remand, the Court concluded that the parties should participate in a second Local Rule 7-3 conference and discuss entering into a stipulation that Plaintiff would not seek damages in excess of $75,000 and agree to a remand of this action. Plaintiff refused to stipulate that he would seek damages less than $75,000, and then offered to settle this matter for exactly $75,000.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff does not dispute that there is complete diversity of citizenship, but instead argues that Defendant has failed to prove that the amount in controversy exceeds $75,000.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, if the plaintiff contests the defendant's allegation, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See id.* at 553-54; 28 U.S.C. § 1446(c)(2)(B).

In light of the relief requested, including lost and unpaid wages, damages for emotional distress, attorneys' fees, and punitive damages, and Plaintiff's settlement demand of $75,000 -- just one penny below the requisite amount in controversy, the Court finds that Defendant has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, the Court concludes that it has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## IV. CONCLUSION

Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.